UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 1:25-cr-00142-MSN |
| TRENT T. BINFORD,<br>            *Defendant.* | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Trent Binford's Motion to Dismiss Indictment. ECF 23. The Defendant challenges § 922(g)(1) both on its face and as applied based on recent Supreme Court Second Amendment jurisprudence. However, binding Fourth Circuit precedent rejects both of Defendant's challenges. Accordingly, the Court **DENIES** Defendant's motion.

I.   **BACKGROUND**

Defendant was indicted on May 15, 2025, on one count of Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1). ECF 16. Defendant has two prior felony convictions which serve as the predicate felonies for this offense: felony robbery and felony unlawful wounding. ECF 24 at 2.  Defendant was arraigned on May 22, 2025. ECF 20. On June 13, 2025, Defendant filed the instant motion to dismiss the indictment. ECF 23. The government filed its opposition on June 20, 2025. ECF 24. The matter is now ripe for disposition.

II.   **LEGAL STANDARD**

Federal Rule of Criminal Procedure 12 permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Court may dismiss a defective indictment. Fed. R. Crim. P. 12(b)(3)(B).

An indictment is defective if it alleges a violation of an unconstitutional statute. *United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010).

### III.  ANALYSIS

Defendant makes both a facial and an as-applied challenge to § 922(g)(1) by relying on recent Supreme Court decisions *New York State Rifle & Pistol Association, Inc., et al. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). Defendant first contends that his possession of a firearm is permitted under the Second Amendment because a plain text reading of the phrase "the people" includes felons, like Defendant. ECF 23 at 2-3. Secondly, Defendant argues that § 922(g)(1) is unconstitutional under *Bruen*'s "text and history" standard. *Id.* at 3. Defendant concedes there is post-*Bruen* Fourth Circuit precedent foreclosing his challenges but argues that these cases were wrongly decided. *Id.* at 1. This Court is bound, however, by that precedent; therefore, Defendant's motion summarily fails.

First, Defendant's facial challenge is precluded by *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024). There, the Fourth Circuit concluded that, in light of *Rahimi*, § 922(g)(1) is facially constitutional because it "has a plainly legitimate sweep" and may constitutionally be applied in at least some "set of circumstances." *Canada*, 123 F.4th at 161.

Second, Defendant's as-applied challenge is foreclosed by *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024), *cert. denied*, No. 24-6818, 2025 WL 1549804 (U.S. Jun. 2, 2025). There, the Fourth Circuit held that neither *Bruen* nor *Rahimi* abrogated Fourth Circuit precedent foreclosing as-applied challenges to Section 922(g)(1). *Hunt*, 123 F.4th at 702. That Fourth Circuit precedent therefore remains binding. In the alternative, the appellate court applied the *Bruen* two-step analysis and found that § 922(g)(1) would pass constitutional muster at both steps. *Id.* at 704. Additionally, the *Hunt* court rejected the defendant's facial challenge based on their ruling in

*Canada*. *Id.* at 702. Notably, the defendant appealed this decision, but certiorari was denied. *Hunt v. United States*, No. 24-6818, 2025 WL 1549804, at *1 (U.S. Jun. 2, 2025).

Given this binding Fourth Circuit precedent the Defendant's arguments are not tenable at this time.

## IV. CONCLUSION

Because the Court rejects both Defendant's facial and as-applied challenges to § 922(g)(1), it is hereby

**ORDERED** that Defendant's motion to dismiss the indictment is **DENIED.**

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

June 30, 2025
Alexandria, Virginia